Cornelius R. WYATT, Plaintiff–Appellant,

v.

John DOE # 1, Transportation TDCJ; John Doe # 2, Defendants–Appellees.

No. 06–20515
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 23, 2007.

---

Cornelius R. Wyatt, Texas Department of Criminal Justice Institutional, Division Connally Unit, Kenedy, TX, pro se.

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Cornelius R. Wyatt, Texas prisoner # 631802, appeals the district court's dismissal without prejudice of his civil rights complaint pursuant to 42 U.S.C. § 1997e for failure to demonstrate in his pleadings that he had exhausted his administrative remedies. Wyatt argues that the district court erred in dismissing his complaint because he filed Step 1 and Step 2 grievances to which prison officials failed to respond.

The Supreme Court recently held "that failure to exhaust is an affirmative defense under the [Prison Litigation Reform Act], and that inmates are not

required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, —— U.S. ——, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007). The district court erred under *Jones* by requiring Wyatt to demonstrate, in his pleadings, that he had exhausted his claims. *See id.* Even under this circuit's law prior to *Jones*, Wyatt satisfactorily pleaded exhaustion by alleging that he had filed Step 1 and 2 grievances and that the time for responding to the Step 2 grievance had expired. *See Underwood v. Wilson*, 151 F.3d 292, 295–96 (5th Cir.1998).

Accordingly, the district court's judgment is vacated, and the case is remanded for further proceedings.

VACATED AND REMANDED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.